and for the salary attached to that position, coupled with her acceptance of said salary granted pursuant to such demand, and her written acknowledgments of pay in full for services rendered, must be deemed in law a waiver of any right to claim a salary attaching to some other position. In my judgment the facts in this case are stronger for the defendant than in the case of Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599, and that case was disposed of as a question of law.

I advise affirmance of the judgment

**Judgment and order unanimously affirmed, with costs. All concur.**

---

(120 App. Div. 416)

### SABBATINO v. SNOW'S U. S. SAMPLE EXP. CO., Limited.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

CARRIERS—NEGLIGENCE—INJURIES TO GOODS—CONNECTING CARRIERS.

> Where defendant expressly agreed to transport and deliver at plaintiff's residence certain goods for plaintiff, it was no defense to a failure to deliver in good order that defendant's express business was confined to a certain part of the city, and that it delivered the property to another carrier to transport the remainder of the distance, and, that the goods were injured while in the latter carrier's hands.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 780.]

Appeal from Special Term, Kings County.

Action by Frank Sabbatino against the Snow's U. S. Sample Express Company, Limited. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

William D. Stiger, for appellant.
Nelson D. Keach, for respondent.

HIRSCHBERG, P. J. The judgment recovered by the plaintiff is for damages resulting from injuries to certain goods delivered by him to the defendant for transportation in the city of New York, and injured or destroyed in transit. Defendant is a domestic corporation engaged in the express business in the borough of Manhattan, and it received the goods in question from the plaintiff on the 28th day of September, 1903, under an express oral agreement to deliver them to the plaintiff at his residence in President street, borough of Brooklyn. That the goods were injured or destroyed was established by sufficient proof, and that they were worth the amount for which a recovery has been had was not disputed on the submission of the case to the jury. I find no error in ruling which justifies a reversal.

The chief contention on the part of the appellant is that the defendant's express business is confined to the borough of Manhattan, and that, on receiving the plaintiff's property, it delivered the same in good condition to another express company doing business in the borough of Brooklyn, and that the damage sustained, if any, was occasioned by the negligence of the latter. I do not think the doctrine which

exempts connecting carriers from liability for negligence other than their own is applicable in this instance; but, if it were, it is sufficient that the evidence on the part of the plaintiff tending to show an express or special contract for delivery at his residence was in no respect refuted on the trial by the defendant.

The judgment and order should be affirmed.

Judgment and order affirmed with costs. All concur.